UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Cannata                                                         Civil Action No. 6:15-cv-02434

versus                                                          Judge Richard T. Haik, Sr.

State Farm Fire & Casualty Co.                                  Magistrate Judge Carol B. Whitehurst

### *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

This matter was removed from state court by defendant State Farm fire & Casualty Company ("State Farm").  State Farm contends that this Court has jurisdiction over this action because the parties are diverse in citizenship and the amount in controversy exceeds the jurisdictional threshold of $75,000.

Federal district courts have subject matter jurisdiction over civil actions in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states. 28 U.S.C.A. § 1332. The person seeking to invoke federal court jurisdiction has the burden of proof to demonstrate at the outset of the litigation that the federal court has authority to hear the case. *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir.1998).  Therefore, the removing party bears the burden of showing that federal jurisdiction exists. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

In a case like this one, in which the plaintiff does not seek recovery of a determinate amount in his petition, the party invoking the Court's jurisdiction has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *St. Paul Reinsurance*, 134 F.3d at 1253. To satisfy that burden, the party must either (1) demonstrate that it is facially apparent that the claims are likely above $75,000 or (2) set forth the specific facts in controversy that support a finding of the jurisdictional amount. *Id*.

In this case, the plaintiff did not seek a determinate amount of damages in her state court petition. The undersigned also concludes that the jurisdictional amount is not otherwise "facially apparent" from the complaint because the facts alleged are insufficient for the undersigned to determine whether the amount in controversy exceeds the jurisdictional requirement.

As the removing party, State Farm has the burden of proving that this Court has jurisdiction over this matter. While State Farm has pleaded sufficient facts to establish that the parties are diverse in citizenship, it has not pleaded sufficient facts to establish the amount in controversy. State Farm merely states that plaintiff alleges the value of his claim is "much greater than the adjuster's estimate of only $41,333.23." State Farm also includes the potential value of the plaintiffs' claims for statutory penalties in its calculation of the amount in controversy. But the mere fact

that the "plaintiff seeks penalties and attorney's fees is... not determinative of the amount in controversy." *Schaeffer v. Allstate*, 2008 WL 4058867 (E.D. La. 2008). Finally, State Farm pleads that State Farm's counsel has been "verbally informed by Plaintiff's counsel that Plaintiff is alleging the value of his claims exceeds $75,000." This statement, which points to no supporting evidence, is mere speculation of what the amount in controversy could be, not what it was at the time of removal. The jurisprudence is clear that "no action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant...." *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

IT IS THEREFORE ORDERED that, on or before December 3, 2015, the removing party shall file a memorandum setting forth specific facts that support a finding that the amount in controversy exceeds the jurisdictional minimum. These facts should be supported with summary-judgment-type evidence. The plaintiff will then be allowed seven days to respond to State Farm's memorandum.

Signed at Lafayette, Louisiana, this 16th day of November, 2015.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE